_____

No. 95-2443
_____

Thomas Dean Vogt,                       *
                                        *
                Appellant,              *
                                        * Appeal from the United States
        v.                              * District court for the
                                        * Northern District of Iowa
United States of America,               *
                                        *
                Appellee.               *

_____

Submitted:  December 15, 1995

Filed:  July 3, 1996

_____

Before McMILLIAN and BEAM, Circuit Judges, and PERRY,* District
       Judge.

_____

McMILLIAN, Circuit Judge.


        Thomas Dean Vogt appeals from a final order entered in the District
Court[1] for the Northern District of Iowa denying his 28 U.S.C. § 2255
petition for post-conviction relief on the grounds of incompetence to stand
trial and ineffective assistance of counsel.  United States v. Vogt, No.
CR89-0008 (N.D. Iowa May 30, 1995) (opinion and order).  For reversal
petitioner argues the district court erred in finding that there was
insufficient doubt as to his

_____

        *The Honorable Catherine D. Perry, United States
        District Judge for the Eastern District of
        Missouri, sitting by designation.

        [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.  Preliminary
matters were decided by the Honorable John A. Jarvey, Chief
Magistrate Judge, United States District Court for the Northern
District of Iowa.

competence to stand trial and that his trial attorneys were not ineffective in not requesting a competency hearing.  For the reasons discussed below, we affirm the order of the district court.

BACKGROUND FACTS

In April 1989 a federal grand jury indicted petitioner and four others and charged them with multiple counts of drug trafficking and related offenses.  Petitioner was found guilty by a jury on all but two counts.   The district court[2] sentenced petitioner to 110 months imprisonment, 5 years supervised release, a fine of $12,500, and a special assessment of $200.  Certain property belonging to petitioner was subjected to criminal forfeiture.  The conviction and sentence were affirmed on appeal.  United States v. Vogt, 938 F.2d 184 (8th Cir. 1991) (table), cert. denied, 502 U.S. 1092 (1992).

In November 1992 petitioner filed the present § 2255 petition asserting numerous grounds for relief.  The magistrate judge recommended that the district court deny relief on all but two claims and hold an evidentiary hearing on those two claims-- whether petitioner was in fact incompetent to stand trial and whether he received ineffective assistance of counsel because his trial attorneys did not request a competency hearing.  The district court agreed with the recommendation of the magistrate judge and held an evidentiary hearing.  The witnesses included petitioner, members of petitioner's family, his business associates, his doctors, his trial attorneys, the attorneys who represented petitioner's co-defendants, various jail employees, the government case agent, the prosecuting attorney, and the trial judge.  In addition, the district court also considered the transcripts of petitioner's testimony at trial and at sentencing and his

_____

[2]The Honorable David R. Hansen, now Circuit Judge, United States Court of Appeals for the Eighth Circuit.

-2-

deposition in a civil malpractice case he had brought against his trial attorneys.

The district court found that petitioner had failed to produce sufficient evidence of mental incompetence to warrant a competency hearing or new trial. Slip op. at 9-13. The district court found that there was "no reason to doubt [petitioner]'s competency at trial" despite his prior hospitalization for bi-polar affective disorder in November 1988, his behavior in April-May 1989, his doctor's note in October 1989 referring to a return of the kind of problems he had in November 1988, his mental condition during trial, his post-trial psychotic condition in March 1990, and subsequent prison hospitalization for psychiatric treatment. Id. at 9. The district court concluded that the evidence showed that petitioner understood the nature of the proceedings and the charges against him and was able to assist his trial attorneys before, during and after trial, and at sentencing. Id. at 10. The district court also found that petitioner's trial attorneys acted reasonably in not requesting a competency hearing in view of petitioner's extensive assistance before and during trial, his demeanor at trial and his performance as a witness. Id. at 13-14. The district court noted that the trial attorneys knew about petitioner's November 1988 hospitalization and had questioned petitioner's doctor about petitioner's likely prognosis (the doctor told defense counsel that petitioner would be able to return to work and lead a normal life). Id. at 14. The district court did not credit petitioner's testimony that he had informed his trial attorneys about his mental condition during trial. Id. The district court denied the § 2255 petition and this appeal followed.

COMPETENCY TO STAND TRIAL

As a preliminary matter, we reject the government's argument that petitioner has waived or defaulted on his mental incompetency claim because he did not raise this claim in the district court or

on direct appeal and has not shown cause and prejudice (or actual innocence or that a fundamental miscarriage of justice would occur if his claim were not considered) in order to excuse the procedural default. "[T]he procedural default rule . . . does not operate to preclude a defendant who failed to request a competency hearing at trial or pursue a claim of incompetency on direct appeal from contesting his [or her] competency to stand trial and be sentenced through post-conviction proceedings." See, e.g., Adams v. Wainwright, 764 F.2d 1356, 1359 (11th Cir. 1985) (citing Pate v. Robinson, 383 U.S. 375, 384 (1966) (noting that it is contradictory to argue that a defendant may be incompetent and yet knowingly or intelligently waive right to have the court determine capacity to stand trial)), cert. denied, 474 U.S. 1073 (1986).

Petitioner argues the district court erred in finding that there was insufficient doubt about his competence to stand trial. Petitioner argues his history of mental problems established a sufficient doubt about his competence to stand trial--his psychiatric hospitalization in November 1988, his diagnosis of bi-polar affective disorder and continued psychiatric treatment, including the prescription of anti-psychotic medication, his erratic behavior and deteriorating mental condition before and during trial, and his psychotic condition and psychiatric hospitalization after sentencing. He also argues the district court erred in considering his demeanor at trial as evidence of competency because persons with bi-polar affective disorder could be mentally impaired but appear to be normal. The government argues the district court's finding that petitioner failed to present facts sufficient to create the requisite "sufficient doubt" about his competence to stand trial is not clearly erroneous.

Due process prohibits the trial and conviction of a defendant who is mentally incompetent. Drope v. Missouri, 420 U.S. 162, 172 (1975). This is the "substantive" competency principle. See, e.g., Weisberg v. Minnesota, 29 F.3d 1271, 1275-76 (8th Cir. 1994),

cert. denied, 115 S. Ct. 935 (1995); see also Medina v. Singletary, 59 F.3d 1095, 1106-07 (11th Cir. 1995), cert. denied, 1996 WL 163786 (No. 95-8394) (U.S. June 10, 1996). "[D]ue process [also] requires that a hearing be held whenever evidence raises a sufficient doubt about the mental competency of an accused to stand trial." Griffin v. Lockhart, 935 F.2d 926, 929 (8th Cir. 1991) (footnote omitted). "[This 'procedural' competency] principle operates as a safeguard to ensure that the [`substantive' competency] principle is not violated." Id. Claims involving these principles raise similar but distinct issues: the issue in a substantive competency claim is whether the defendant was in fact competent to stand trial, but the issue in a procedural competency claim is whether the trial court should have conducted a competency hearing. See, e.g., Sheley v. Singletary, 955 F.2d 1434, 1438 (11th Cir. 1992); United States v. Day, 949 F.2d 973, 982 (8th Cir. 1991). "A denial of either of these rights may provide the basis for habeas relief." Weisberg v. Minnesota, 29 F.3d at 1276.

Here, petitioner made a substantive competency claim by alleging that he was in fact tried and convicted while mentally incompetent. The burden of persuasion was on petitioner to show that he was incompetent by a preponderance of the evidence. See, e.g., Medina v. Singletary, 59 F.3d at 1106; Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir.) (noting that, absent some contrary indication, state and federal trial judges may presume defendants are competent), cert. denied, 115 S. Ct. 2260 (1995). We review the district court's competency finding for clear error. Weisberg v. Minnesota, 29 F.3d at 1278. "Retrospective determinations of whether a defendant is competent to stand trial . . . are strongly disfavored." Id. The test for determining competence to stand trial is whether the defendant has "a sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding--and whether [the defendant] has a rational as well as factual understanding of the proceedings against him [or her]." Dusky v. United States, 362 U.S. 402, 402 (1960).

"Although there are no facts which invariably create a sufficient doubt about a defendant's competency, attention should be paid to any evidence of [the defendant's] irrational behavior, [the defendant's] demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court." United States v. Day, 949 F.2d at 982 (discussing "sufficient doubt" in context of procedural competency claim). "'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial . . . .' Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d at 1107 (citations omitted). "Treatment with anti-psychotic drugs does not per se render a defendant incompetent to stand trial." Sheley v. Singletary, 955 F.2d at 1438.

We have carefully reviewed the record and we hold the district court's finding that there was insufficient doubt as to petitioner's competence to stand trial is not clearly erroneous. The record supports the district court's finding that petitioner understood the nature of the proceedings and the charges against him and was able to assist his attorneys and consult with them with a degree of rational understanding. As noted by the district court, petitioner's history of mental illness, including his treatment with anti-psychotic medication, was substantially offset by petitioner's extensive and effective communication with his attorneys before, during and after trial, his demeanor during trial and as a witness, his failure to tell his trial attorneys about his mental condition during trial, and the opinion of his doctor (petitioner was psychotic in November 1988 and in March 1990, but the doctor could not speculate as to petitioner's competence at time of trial).

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner also argues the district court erred in finding that he did not receive ineffective assistance of counsel because his trial attorneys did not request a competency hearing. Petitioner argues his trial attorneys failed to adequately investigate his competence even though they knew he had a history of mental illness and had been hospitalized in November 1988. Petitioner also argues his trial attorneys improperly relied on their own assessments of his competence, assessments which he argues were especially unreliable given the elusive nature of bi-polar affective disorder. The government argues the trial attorneys' performance was not deficient under the circumstances, particularly in light of petitioner's behavior and demeanor before and during the trial and his failure to tell them about his allegedly deteriorating mental condition during trial. The government also argues that petitioner failed to show that his understanding of the nature of the proceedings and the charges against him or his ability to assist or consult with his attorneys was compromised by his alleged incompetence.

In order to prove ineffective assistance of counsel, a petitioner must show deficient performance, that is, "counsel's representation fell below an objective standard of reasonableness," and actual prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "[A] court deciding an actual ineffective-ness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible

-7-

options are virtually unchallengeable . . . ." Id.  "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.  "The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel." Speedy v. Wyrick, 702 F.2d 723, 726 (8th Cir. 1983).

We agree with the district court that petitioner's trial attorneys acted reasonably in not requesting a competency hearing.  The trial attorneys made a reasonable investigation of petitioner's mental condition under the circumstances.  They discussed the November 1988 hospitalization with petitioner, obtained petitioner's medical records, asked petitioner's doctor about petitioner's condition and his ability to return to work and to lead a normal life after hospitalization, and had a psychologist consult with petitioner in preparing for trial.  They had worked extensively with petitioner during trial preparation and had observed his demeanor during the trial, including his performance as a trial witness, and had not observed or experienced anything which made them question his competence to stand trial.  The district court did not credit petitioner's testimony that he told attorney Riley about his allegedly deteriorating mental condition during trial.  The description by petitioner's trial attorneys of petitioner's behavior and demeanor as unexceptional during the trial was corroborated by the trial judge, the prosecuting attorney, the case agent, and the trial attorneys who represented petitioner's co-defendants.  They testified at the evidentiary hearing that petitioner appeared to be rational and alert and acted appropriately during the trial.

Accordingly, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.