**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1209
_____

United States of America,    *
                             *
         Appellee,           *
                             * Appeal    from    the    United
States                       *
    v.                       * District Court for the
                             * Western    District    of
Arkansas.
Dennis Cordes,               *
                             *              [UNPUBLISHED]
         Appellant.          *

_____

                                Submitted:  June 6, 1997
                                     Filed: June 18, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Dennis Cordes appeals his conviction and the 51-month sentence imposed by the District Court[1] after a jury found him guilty of escape from custody, in violation of 18 U.S.C. § 751(a) (1994).  Prior to trial, Cordes's appointed counsel filed a motion pursuant to 18 U.S.C. § 4241 (1994), requesting a psychiatric examination and a hearing to determine Cordes's mental competency.  The

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

District Court conducted a hearing, but did not order Cordes to undergo a psychiatric examination prior to the

hearing. Cordes's counsel submitted medical records indicating Cordes had been diagnosed in the mid-1980s as having paranoid-type schizophrenia, mixed substance abuse, and mixed personality disorder with paranoid and antisocial features. The court ultimately concluded that Cordes was mentally competent to stand trial, based on its observation of Cordes in two separate criminal proceedings and its review of letters written by Cordes.

Cordes argues that the District Court abused its discretion when it refused his request for a psychiatric examination, and that the court's competency determination was tainted by its failure to order such an examination. We conclude that the court did not abuse its discretion in failing to order a psychiatric examination. See 18 U.S.C. § 4241(b) (stating that prior to date of competency hearing, court may order that psychiatric or psychological examination of defendant be conducted); United States v. George, 85 F.3d 1433, 1437 (9th Cir. 1996) (standard of review); United States v. Williams, 998 F.2d 258, 263 & n.10 (5th Cir. 1993) (same), cert. denied, 510 U.S. 1099 (1994). We note that at the competency hearing, Cordes's counsel did not contest the District Court's failure to order such an examination; instead, counsel addressed only the ultimate issue of whether Cordes was mentally competent to stand trial.

We also conclude that the District Court's competency finding based on its dealings with Cordes was not clearly erroneous. See Vogt v. United States, 88 F.3d 587, 591 (8th Cir. 1996) (standard of review); United States v. Long Crow, 37 F.3d 1319, 1325-26 (8th Cir. 1994) (stating

that demeanor of accused at trial is one factor to consider in making competency determination and that trial court is in better position than court of appeals to judge demeanor of accused), cert. denied, 115 S. Ct. 1167 (1995); McFadden v. United States, 814 F.2d 144, 147 (3d Cir. 1987) (holding that district court's determination that defendant was competent to stand trial was not clearly erroneous where defendant's conduct at competency hearing and at plea

colloquy demonstrated understanding of proceedings and nature of charges against him).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.