# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1082EA

_____

| | | |
|---|---|---|
| Willie B. Jones, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Larry Norris, Director, Arkansas | * | [UNPUBLISHED] |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 21, 1998
Filed: September 30, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

On September 4, 1992, Willie B. Jones entered the home of Delois Coleman and fatally stabbed her and severely beat her daughter. Following his arrest, a qualified practicing psychologist examined Jones and concluded Jones was not competent to stand trial. Several months later on the eve of trial, the Arkansas trial court ordered a competency hearing on the issue of Jones's fitness for trial. At this hearing, Jones testified he understood he was charged with murder and knew the potential punishment if he was convicted. Jones further stated he could understand the testimony given at the trial and "would be able to . . . communicate with [his attorney] . . . and discuss

[his] defense or how the case should be handled." Additionally, the same psychologist reexamined Jones and found Jones more cogent and controlled than before and concluded Jones was competent to stand trial. Specifically, the psychologist testified Jones understood the murder charge he was facing and the punishment, had the ability to understand the evidence and would consult with his attorney because he wanted to be involved in his own defense, and had a factual and rational understanding of the proceedings and wanted to go to trial to prove his innocence. On the basis of this testimony, the trial court found Jones was competent to stand trial. The trial court then denied Jones's motion for a continuance, proceeded with Jones's trial, and the jury convicted Jones of first-degree murder. The Arkansas Supreme Court affirmed Jones's conviction. See Jones v. State, 876 S.W.2d 262 (Ark. 1994). Afterwards, Jones petitioned the district court for a writ of habeas corpus and now appeals the district court's order dismissing that petition. We affirm.

Initially, Jones contends the state trial court's decision to proceed to trial violated due process because he was convicted while incompetent to stand trial. See Vogt v. United States, 88 F.3d 587, 590 (8th Cir. 1996). Contrary to the state's view, we are satisfied Jones fairly presented this federal constitutional issue to the Arkansas Supreme Court on direct appeal. See Hood v. Helling, 141 F.3d 892, 896 (8th Cir. 1998) (constitutional issue raised in state court if petitioner refers to the state case raising a pertinent federal constitutional issue, here, Addison v. State, 765 S.W.2d 566, 570-72 (Ark. 1989)), petition for cert. filed, No. 98-5656 (U.S. Aug. 14, 1998). In framing the constitutional issue before the Arkansas Supreme Court, however, Jones narrowed the question to "whether there [was] substantial evidence to support the trial [c]ourt's finding [of Jones's competency]." Having reviewed the record of the competency hearing, we agree with the Arkansas Supreme Court that the trial court properly relied on the psychologist's second evaluation in making its finding. We also agree with the Arkansas Supreme Court that under the controlling federal standards there was substantial evidence for the trial court's finding. See Vogt, 88 F.3d at 590-91 (Jones's competency determined by whether he could consult with his attorney with a

reasonable degree of rational understanding and whether he had a rational and factual understanding of the proceedings against him).   If a state court's competency finding is supported by the record, we presume the finding is correct.  See Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994).  In sum, the record supports the trial court's determination Jones was fit for trial and Jones failed to rebut this finding's presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1) (Supp. II 1996).

Jones also contends the trial court's ruling denying his  motion for continuance violated his due process right to a fair trial.  In his brief before the Arkansas Supreme Court, Jones cast the issue as a due process violation only to the extent that "there [was] a serious question [about] his competence."  Having concluded substantial evidence supports the trial court's competency finding, it necessarily follows that Jones's claimed due process right was not violated.  Otherwise, Jones presented his challenge to the trial court's ruling on the motion for continuance in state-law terms without raising other federal issues.

Finally, we decline to consider Jones's remaining arguments, including his contention he was denied effective assistance of counsel at trial, raised for the first time on appeal.  See Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir. 1992).

We affirm the district court's judgment.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-