**Michael W. RYAN, Petitioner,**

v.

**Harold W. CLARKE, Director of the Nebraska Department of Correctional Services, Respondent.**

**No. 4:99CV3318.**

United States District Court, D. Nebraska.

Oct. 24, 2003.

Michael A. Nelsen, Hillman, Forman Law Firm, Omaha, NE, Steven E. Achelpohl, Omaha, NE, for Petitioner.

J. Kirk Brown, Attorney General's Office, State of Nebraska, Lincoln, NE, for Respondent.

## MEMORANDUM AND ORDER

KOPF, District Judge.

On September 11, 2003, the court entered judgment (filing 251) in this capital case, dismissing Petitioner's § 2254 petition with prejudice. Petitioner's Rule 59(e) motion to alter or amend the judgment was denied on September 26, 2003. (See filings 254 & 255.) Petitioner has since filed a motion for issuance of a certificate of appealability (filing 256) and a notice of appeal (filing 260). No response has been made to the motion, which is now ripe for determination.

■ A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2254 petition, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In contrast, when a district court denies a § 2254 petition on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. Fed. R.App. P. 22(b).

Petitioner has identified twelve issues that he intends to appeal, and as to which he requests that a certificate of appealability issue (see filing 256, at 2–4):

1. Whether the Anti–Terrorism and Effective Death Penalty Act of 1996, Public Law No. 104–32, 110 Stat. 1214 (AEDPA), effective April 24, 1996, applies to the issues of this case; and in particular whether the applicable standard of review in this case is 28 U.S.C. § 2254(d), as amended by AEDPA.

2. Whether the Petitioner's competence Claims VII, VIII, and IX were procedurally defaulted both under *Pate v. Robinson*, 383 U.S. 375, 284[sic][, 86 S.Ct. 836, 15 L.Ed.2d 815] (1966), and

under this Court's application of the cause and prejudice standard.

3. Whether Mr. Ryan's Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated by trial counsel's failure to raise competence to stand trial and request a competency hearing in 1986.

4. Whether Mr. Ryan's Fourteenth Amendment rights were denied by the failure of the trial judge to order, sua sponte, a competency hearing in 1986.

5. Whether Mr. Ryan was actually incompetent to stand trial at his 1986 trial.

6. Whether Mr. Ryan is presently competent to stand trial in this habeas corpus proceeding.

7. Whether· Judge Robert Finn's misbehavior in meeting with the relatives of the James Thimm family before Michael Ryan's sentencing was harmless error beyond a reasonable doubt, and whether such behavior violated Petitioner's rights to a fair sentencing under the Fifth and Fourteenth Amendments.

8. Whether Judge Finn's misbehavior in meeting with relatives of the Stice family before Michael Ryan's sentencing was harmless error beyond a reasonable doubt, and whether Judge Finn's action in meeting with these relatives constituted a violation of Mr. Ryan's rights to a fair sentencing under the Fifth and Fourteenth Amendments.

9. Whether Mr. Ryan's rights under the Sixth and Fourteenth Amendments were violated by the trial judge turning his back on Mr. Ryan during a substantial part of Mr. Ryan's testimony at his 1986 trial.

10. Whether aggravating circumstance 1(d) under Neb.Rev.Stat. § 29–2523 was unconstitutionally vague and overbroad either on its face or applied to the Petitioner herein.

11. Whether Petitioner was erroneously denied a right to amend his Habeas Corpus Petition dated September 5, 2001, by way of a First Amended Petition to allege Proffered Claim XVII (i.e. sentencing by jury).

12. Whether the Petitioner was denied his rights under the Sixth and Fourteenth Amendments by not having a jury trial on facts relevant to determination of a sentence of death, including, without limitation, the aggravating circumstances under Nebraska's capital sentencing scheme.

I will discuss each issue below.

### Request for Certificate No. 1—AEDPA Standard of Review

■ Ryan argued that deference should not be given to the findings of fact and conclusions of law of the Nebraska courts, as required by AEDPA. I will grant a certificate of appealability with regard to this issue, but it should be noted that I also undertook an independent review concerning the merits of the competency and ex parte meeting claims that are being appealed (Claims II, III, and IX).

### Request for Certificate No. 2—Procedural Default of Competency Claims

■ I will also grant a certificate of appealability on the issue of whether Ryan's competency claims (Claims VII, VIII, and IX) were procedurally defaulted. As I observed in my memorandum and order of December 9, 2000 (filing 74), the Court of Appeals has rendered inconsistent opinions regarding the applicability of *Pate v. Robinson,* 383 U.S. 375, 384, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (defendant whose competence to stand trial was in doubt did not waive defense by failing to request competency hearing). *Compare Vogt v. United States,* 88 F.3d 587, 590 (8th Cir.1996) (procedural default rule does

not operate to preclude a defendant who failed to request a competency hearing at trial or pursue a claim of incompetency on direct appeal from contesting his competency to stand trial and be sentenced through post-conviction proceedings), *with Weekley v. Jones,* 76 F.3d 1459, 1461 (8th Cir.1996) (en banc) (issues regarding competency to stand trial are subject to a procedural bar and other affirmative defenses). Insofar as Ryan also intends to appeal from "this Court's application of the cause and prejudice standard," he will be permitted to challenge the finding made by Judge Piester and myself that he was competent during his appeal and State court post-conviction proceeding.

### Request for Certificate Nos. 3 and 4—Right to Competency Hearing in 1986

■ Ryan claimed that he received ineffective assistance of counsel at trial because his attorney did not request a competency hearing (Claim VII), and also that he was denied a fair trial and due process because the trial court did not order a competency hearing on its own motion (Claim VIII). I adopted Judge Piester's recommendation that these claims be denied because of procedural default, and I made no ruling on their merits. Although a certificate of appealability is being issued on the procedural default ruling, there is no basis for certifying these claims for appeal on the merits.

### Request for Certificate No. 5—Ryan's Competency at Trial

■ I also adopted Judge Piester's recommendation that Ryan's claim of actual incompetence at the time of trial (Claim IX) be denied because of procedural default, but, out of an abundance of caution, I examined whether there was any merit to this claim. I found none. In the event that the Court of Appeals determines that the claim is not procedurally defaulted,

and also determines that the State courts' findings on this issue are not entitled to deference, then it should examine my own findings. I therefore will grant a certificate of appealability on the merits of this claim.

### Request for Certificate No. 6—Ryan's Current Mental State

■ Judge Piester and I both found that Ryan has been competent throughout this habeas corpus proceeding. A certificate of appealability will be issued in order to permit Ryan to challenge such finding.

### Request for Certificate Nos. 7 and 8— Trial Judge's Ex Parte Meetings

■ I will also grant a certificate of appealability with respect to my finding that Judge Finn's ex parte meetings with members of the Luke Stice family (Claim II) and the James Thimm family (Claim III) prior to sentencing did not violate Ryan's due process rights.

### Request for Certificate No. 9— Trial Judge's Turning His Back to Ryan

■ Ryan claimed that he was denied a fair trial because Judge Finn, during much of Ryan's trial testimony, had his back turned to Ryan. I will deny a certificate of appealability on this issue because it is not debatable that Judge Finn's actions were harmless error, as found by the State courts.

### Request for Certificate Number 10— Aggravating Circumstance 1(d)

■ Ryan has claimed that aggravating circumstance 1(d) found in Neb.Rev.Stat. § 29–2523 was unconstitutionally vague and too broad either on its face or as applied to Ryan. To be precise, Ryan primarily attacked the "exceptional depravity" prong of that statute.

I will deny a certificate of appealability on this issue. I do so because it is not debatable that:

1. The "especially ... cruel" prong applied by the sentencing judge is constitutional and was so at the time Ryan was sentenced. *State v. Simants*, 197 Neb. 549, 250 N.W.2d 881, 891(1977) (providing narrowing construction); *Harper v. Grammer*, 895 F.2d 473, 478–80 (8th Cir.1990) (finding *Simants* narrowing construction constitutional).

2. Beyond any reasonable doubt, Ryan's behavior fit the "especially ... cruel" prong.

3. Even if the "exceptional depravity" prong was unconstitutional at the time of Ryan's sentencing because it had not yet then been narrowed and assuming that Judge Finn considered that prong separately from, as well as together with, the "especially ... cruel" prong, the error was harmless beyond any reasonable doubt. *See, e.g., Joubert v. Hopkins*, 75 F.3d 1232, 1245–47 (8th Cir.1996) (evidence established beyond a reasonable doubt that the constitutionally narrowed "especially heinous, atrocious, and cruel" part of the aggravator would have been applied to the defendant even had the allegedly vague portion regarding "exceptional depravity" not been considered); *Harper*, 895 F.2d at 479 (affirming the district court's determination that the " 'unconstitutional vagueness of the second prong does not diminish the virility of the first prong' ").

1. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. *Ring v. Arizona*, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Sixth

*Requests for Certificate Numbers 11 and 12—Amending Complaint & Ring*

 Ryan requests a certificate of appealability to challenge my refusal to allow him to amend his petition to assert a claim under *Apprendi*[1] that a jury should have sentenced him. And, even though he did not thereafter seek leave to amend after the Supreme Court decided the *Ring*[2] case, he also seeks a certificate of appealability based upon *Ring* regarding the substantive question of whether his constitutional rights were violated by not having a jury determine aggravating circumstances.

I will deny a certificate of appealability on these issues. I do so because it is not debatable that:

1. At the time leave to amend was asserted under an *Apprendi* theory, and thereafter, amendment would have been futile since *Apprendi* is not now and has never been retroactive. *See, e.g., Harris v. United States*, 536 U.S. 545, 581, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Justice Thomas dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect."); *United States v. Moss*, 252 F.3d 993, 997–99 (8th Cir.) (*Apprendi* rule that any factor which increased petitioner's sentence beyond the statutory maximum is required to be submitted to the jury and proven beyond reasonable doubt was not "watershed rule" requiring retroactive application to cases on collateral review), *cert. denied*, 534 U.S. 1097, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002).

Amendment right to a jury trial precludes procedure whereby a sentencing judge, sitting without a jury, finds an aggravating circumstance necessary for imposition of the death penalty).

2. Leave to amend to assert an *Apprendi* theory was denied on September 14, 2000 (filings 51 & 55), *Ring* was decided on June 24, 2002, and Ryan never sought leave to amend thereafter to add a claim under *Ring*.

3. The Supreme Court has not declared that *Ring* is retroactive. Therefore, if this case involves a second or successive petition for purposes of the retroactivity rules of 28 U.S.C. § 2244(b)(2)(A),[3] amendment based upon a *Ring* argument would be futile because retroactive application of *Ring* is precluded by that statute unless and until the Supreme Court makes *Ring* retroactive.

*Moore v. Kinney*, 320 F.3d 767, 771 n. 3 (8th Cir.), *cert. denied*, — U.S. —, 123 S.Ct. 2580, 156 L.Ed.2d 609 (2003).[4]

4. Even if *Ring* is retroactive under the pre-AEDPA retroactivity rules[5] of *Teague*[6] (an extremely doubtful proposition in the Eighth Circuit given that court's decision regarding the non-retroactivity of *Apprendi*), and even if *Ring* were to be applied to Ryan's case, beyond all reasonable doubt any such error would be harmless because no reasonable jury could come to factual conclusions different than those found by Judge Finn regarding aggravating circum-

---

**3.** The statute states in pertinent part that a claim presented in a "second or successive" habeas corpus application that was not presented in a prior application must be dismissed unless "the applicant show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

**4.** For many purposes, this case would not be treated as a second or successive petition because the first federal case was dismissed to allow Ryan to exhaust. *See, e.g., Slack*, 529 U.S. at 485–86, 120 S.Ct. 1595 (for purposes of a certificate of appealability, a petition filed after an initial petition was dismissed so as to exhaust an unexhausted claim was not a "second or successive" petition). However, for purposes of whether to apply the "retroactivity rules" of 28 U.S.C. § 2244(b)(2)(A), this case should be treated as a second or successive case. Using the plain and ordinary meaning of the terms "second or successive," Ryan's instant petition is the second one. If the retroactivity statute were interpreted otherwise, a claimant who dragged things out by failing to exhaust would avoid the retroactivity rules, but a claimant who diligently exhausted would be subject to the statutory restrictions. That, of course, makes no sense. Indeed, such a misreading of the plain language would reward an applicant for delay, a result certainly not intended by Congress. Notwithstanding the foregoing, candor re-

quires me to state that the conclusions expressed in this footnote are debatable.

**5.** In a thoughtful and well reasoned opinion, my colleague, Judge Bataillon, has so held. *Palmer v. Clarke*, — F.Supp.2d —, — —, 2003 WL 22327180, at *36–39 (D.Neb., Oct.9, 2003) (No. 4:00CV3020). *See also Summerlin v. Stewart*, 341 F.3d 1082, 1121 (9th Cir.2003) (en banc) ("The rule announced in *Ring*, like other watershed rules, is designed to reduce significantly the risk of an erroneous capital verdict. Thus, the rule announced in *Ring* defines structural safeguards implicit in our concept of ordered liberty that are necessary to protect the fundamental fairness of capital murder trials. *Ring* satisfies the criteria of *Teague* and must be given retroactive effect on habeas review.") Other courts have come to the opposite conclusion. *See, e.g., Turner v. Crosby*, 339 F.3d 1247, 1282 (11th Cir.2003) (collecting cases); *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892, 907–08 (2003). Although it is my strong inclination to respectfully disagree with Judge Bataillon, because it is not necessary to do so, I do not reach this issue.

**6.** *Teague v. Lane*, 489 U.S. 288, 311–12, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (new constitutional rules of criminal procedure cannot be applied retroactively for collateral review purposes unless the new rule implicates the fundamental fairness of the trial).

stances. As a result, and no matter the answer to the amendment or retroactivity questions, Ryan loses on the jury sentencing claims. *Ring*, 536 U.S. at 621, 122 S.Ct. 2428 (Justice O'Connor dissenting) ("I believe many of these challenges will ultimately be unsuccessful ... because the prisoners will be unable to satisfy the standards of harmless error....").

Accordingly,

IT IS ORDERED that Petitioner's motion for issuance of a certificate of appealability (filing 256) is granted in part and denied in part, as follows:

1. The motion is granted, and a certificate of appealability shall issue, only with respect to issues 1, 2, 5, 6, 7, and 8, as set forth above;

2. In all other respects, the motion for issuance of a certificate of appealability is denied, and no certificate of appealability shall issue with respect to issues 3, 4, 9, 10, 11, and 12, as set forth above.

The clerk of the court shall provide a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit in conjunction with transmission of the notice of appeal.