# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1885

———————

United States of America,      *
    *
       Appellee,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    Northern District of Iowa.
Elmer Keith Taylor,     *
    *    **[UNPUBLISHED]**
      Appellant.     *

———————

Submitted: December 3, 2004
Filed: December 8, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Elmer Keith Taylor (Taylor) pled guilty to being an armed career criminal in possession of a firearm, and the district court[1] sentenced him in accordance with the parties' stipulation under Federal Rule of Criminal Procedure 11(c)(1)(C) to 420 months imprisonment and 5 years supervised release. On appeal, Taylor challenges the district court's order finding him competent to stand trial, and we affirm.

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

"Due process requires that a defendant be competent to plead guilty." Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). The test for determining competency to plead guilty or proceed to trial is "whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him.'" Drope v. Missouri, 420 U.S. 162, 172 (1975) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curiam)).

Having carefully reviewed the record, we find no clear error in the district court's competency ruling. See United States v. Cook, 356 F.3d 913, 918 (8th Cir. 2004) (standard of review). Notwithstanding one psychologist's view that Taylor was incompetent, the court's ruling was supported by the report and testimony of a staff psychologist at the United States Medical Center for Federal Prisoners in Springfield, Missouri, where Taylor was evaluated for about a month. The staff psychologist found Taylor had no mental disorder that would interfere with his ability to understand the proceedings against him and assist in his defense. See United States v. Tucker, 243 F.3d 499, 506 (8th Cir.) (when there are two permissible views of evidence, factfinder's choice between them cannot be clearly erroneous). The court's ruling was also supported by Taylor's demeanor at the competency hearings, when Taylor raised questions about his constitutionally guaranteed trial rights and about his counsel's performance, and at the change-of-plea hearing, when Taylor assured the court that he understood the proceedings and felt better emotionally than he had in the past. See Vogt v. United States, 88 F.3d 587, 591 (8th Cir. 1996) (in considering defendant's mental competency to stand trial, attention should be paid to any evidence of defendant's irrational behavior, his demeanor before trial court, available medical evaluations, and whether counsel questioned defendant's competency before court).

Accordingly, we affirm.

_____