**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM E. SOPER,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2292
(D.C. No. CIV-96-603-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner William E. Soper, a New Mexico state prisoner, was convicted of armed robbery, conspiracy to commit armed robbery, and tampering with the evidence. On April 18, 1996, after exhausting his state remedies, Soper filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He now appeals the district court's denial of his petition.

Before he may proceed on appeal, Soper must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253. [1] A habeas petitioner is entitled to a certificate of probable cause only if he makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

---

[1] The district court denied Soper a certificate of appealability, and he has renewed his request to this court. Because he filed his habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the certificate of appealability provisions of AEDPA do not apply. Soper remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing his appeal. Regardless of the label we attach to the requirements, Soper's burden is the same. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.1 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998). We construe Soper's application for a certificate of appealability as an application for a certificate of probable cause.

Based upon our review of the record as a whole, we conclude that Soper has made a substantial showing of a denial of a federal right on only one of the issues he seeks to appeal: whether his apparent intoxication required the trial court to conduct a competency hearing. He has failed to make the requisite showing on the remaining issues. [2] We grant a certificate of probable cause solely on the competency issue.

---

[2] These issues include (1) whether the evidence at trial was insufficient to establish Soper's identity as the robber or his tampering with the evidence; (2) whether his due process rights were violated by a suggestive pretrial identification procedure and a misstatement of facts during the prosecution's closing argument; (3) whether his due process rights and right to compulsory process were violated by the trial court's refusal to grant a continuance to allow belated testimony from a defense witness; (4) whether his confrontation rights were violated by the trial court's rulings precluding cross-examination of a police officer about a rape charge pending against the officer and allowing the employees' prior statements to be read to the jury as recorded recollection after the employees' had been excused; (5) whether his right to a fair trial was violated by the cumulative effect of the above errors; and (6) whether the district court erred when it refused to hold an evidentiary hearing on his claim of ineffective assistance of counsel. As to these issues, we deny Soper's request for certificate of probable cause for substantially the reasons stated in the Magistrate Judge's Amended Proposed Findings and Recommended Disposition.

## BACKGROUND

Soper's apparent intoxication was discussed on the record during two out of the three days that he and his codefendant, Teresa Padilla, were on trial. [3] Before jury selection on the first day of trial, the prosecuting attorney informed the court that a colleague who had seen Soper in the courthouse believed that he was intoxicated. When the trial judge inquired into the allegation, Soper's attorney stated that he had "no concerns" about Soper's being "impaired in any way." R., Tr. Nov. 9, 1992, at 5-6.

The second day, defendant arrived forty-five minutes late for trial. He stated that his car had broken down, apologized for his lateness, and sat down. Padilla's counsel told the court that Padilla thought Soper was not sober and that she could "get convicted because she's sitting next to a drunk." R., Tr. of Nov. 12, 1992 at 9. Soper's counsel stated that he didn't think Soper was sober. The prosecuting attorney, however, observed that Soper smelled but "appear[ed] to stand up and walk fine and spoke to the Court." Id. at 9-10.

The court noted that Soper appeared to "know [] what's going on," and directed counsel to reposition the defendants so that Soper and Padilla were

---

[3]     There is a discrepancy between the dates marked on the trial transcripts and the number of days the parties claim they were in trial. The discrepancy, however, is immaterial to our disposition of this appeal.

separated. <u>Id.</u> The trial continued throughout the morning. The only allegation concerning the impropriety of Soper's behavior was that, during a mid-morning recess, he had loudly used profane language in the hallway outside the jury room.

After the jury was dismissed for lunch, the court went back on the record to discuss Soper's conditions of release. Soper's counsel described him as a loud, aggressive, and passionate man, but claimed that he was not intoxicated. The prosecutor and Padilla's counsel disagreed. Counsel for Padilla stated that he assumed Soper was intoxicated from his loud and vulgar behavior during recess. Without making specific findings on Soper's competence, the court decided to proceed with the trial and to allow Soper's continued release on bond. During the remainder of the trial, there were no indications of intoxication. At the sentencing hearing held several months later, however, Soper stated that he had been intoxicated throughout the trial.

**DISCUSSION**

As we have explained,

> [c]ompetency claims are based either upon substantive due process or procedural due process, although sometimes there is overlap. A competency claim based upon substantive due process involves a defendant's constitutional right not to be tried while incompetent. Competence to stand trial requires that a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960). . . .

A competency claim based upon procedural due process involves a defendant's constitutional right, once a bona fide doubt has been raised as to competency, to an adequate state procedure to insure that he is in fact competent to stand trial.

Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (additional citations omitted). "A denial of either of these rights may provide the basis for habeas relief." Vogt v. United States, 88 F.3d 587, 591 (8th Cir. 1996).

Soper's habeas filings appear to raise both procedural and substantive claims. Since the procedural competency principle operates as a safeguard to ensure that the substantive competency principle is not violated, see id., we address the procedural claim first. "[N]either side moved for the trial court to hold a competency hearing, [therefore] we must decide 'whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial.'" United States v. Williams, 113 F.3d 1155, 1160 (10th Cir. 1997) (quoting United States v. Crews, 781 F.2d 826, 833 (10th Cir. 1986) (citation omitted)). Our review is "comprehensive." Id.

"A defendant's irrational behavior, demeanor at trial, and prior medical opinion may create that bona fide doubt." Barnett, 174 F.3d at 1134. On the other hand, "'incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings,'" so that failure by trial counsel to indicate the presence of such difficulties "'provides

-6-

substantial evidence of [the defendant's] competence.'" United States v. Downs, 123 F.3d 637, 641 (7th Cir. 1997) (quoting United States v. Garrett, 903 F.2d 1105, 1117 (7th Cir. 1990) (further quotation omitted)); see also Drope v. Missouri, 420 U.S. 162, 177 n.13 (1975) (opinion of defense counsel is a factor to be considered in determining whether to conduct a competency hearing).

Thus, the critical inquiry is whether there is a reasonable doubt about Soper's ability to understand the proceedings and consult with his lawyer, not whether there is reasonable doubt about his ingestion of intoxicants. With the issue properly framed, it is apparent Soper's incompetency claim is without merit. Nothing in the trial record indicates that Soper lacked the "'capacity to understand the proceedings and to assist counsel.'" Williams, 113 F.3d at 1159 (quoting Godinez v. Moran, 509 U.S. 389, 402 (1993)). To the contrary, Soper's behavior during trial and his counsel's statements suggest that Soper conducted himself appropriately in the courtroom, possessed an understanding of the proceedings, and participated in some tactical decisions. The need for some manifestation of incompetence at trial is not supplanted by a belated claim at sentencing or argument concerning the general effects of alcohol and drugs.

Specific findings on Soper's competence would have assisted our review. We are satisfied, however, that considerations of procedural due process did not require the trial judge to conduct a competency hearing.

Soper's failure to establish a procedural competency claim is also dispositive of his substantive claim. To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a "real, substantial and legitimate doubt as to his competence to stand trial." Walker v. Attorney General, 167 F.3d 1339, 1344, 1377 (10th Cir. 1999). The evidence here, which does not satisfy the standard for a procedural claim, does not satisfy the more demanding standard for a substantive claim. We therefore reject the argument that Soper was tried while incompetent.

AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-8-