**Terry Lynn ANDERSON, Appellant,**

**v.**

**Carl WHITE, Superintendent, Algoa Correctional Center, Appellee.**

**No. 93–2915.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1994.

Decided Aug. 5, 1994.

---

William J. Fleischaker, Joplin, MO, argued, for appellant.

Stacy Louise Anderson, Jefferson City, MO, argued, for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WELLFORD,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Terry Lynn Anderson appeals from the district court's [1] order denying on the merits his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

## I.

On February 23, 1990, Anderson pled guilty to second-degree assault in Missouri state court. Execution of his two-year sentence was suspended and he was placed on probation. While on probation, Anderson again was charged with second-degree assault. On August 28, 1992, he pled guilty to the second charge and admitted that he had violated the conditions of his probation on the first charge. The state trial court revoked Anderson's probation and ordered that his two-year sentence for the first charge be executed concurrently with his four-year sentence for the second charge. In this habeas petition, Anderson alleges that he was mentally incompetent when he committed the assaults, as well as at the time of his pleas.

## II.

■ Anderson did not file a timely motion for state post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. His incompetency claims therefore are procedurally defaulted.[2] *Jennings v. Purkett,* 7 F.3d 779, 781–82 (8th Cir.1993). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Maynard v. Lockhart,* 981 F.2d 981, 984 (8th Cir.1992). Accordingly, we must determine whether Anderson has established cause for his procedural default.

■ Anderson argues that his alleged incompetency establishes cause for his failure to file a timely Rule 24.035 motion.[3] A defendant is competent to waive post-conviction remedies if he is not suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation. *Rees v. Peyton,* 384 U.S. 312, 314, 86 S.Ct. 1505, 1506–07, 16 L.Ed.2d 583 (1966) (per curiam). The record demonstrates that Anderson suffers from post-traumatic stress disorder as a result of his service in Vietnam. The record, however, contains no evidence establishing that during the time for filing a motion for post-conviction relief, *see* Mo.Sup. Ct.R. 24.035(b), Anderson, as a result of his mental condition, could not understand his position or make a rational decision concern-

---

* The HONORABLE HARRY W. WELLFORD, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. Pursuant to Missouri Supreme Court Rule 91, Anderson filed state habeas petitions in the circuit court of Cole County and the Missouri Supreme Court, which were denied. These petitions, however, do not resurrect Anderson's procedurally defaulted claims, for Anderson has not shown that the Missouri Supreme Court addressed the merits of his federal claims. *See State ex rel. Simmons v. White,* 866 S.W.2d 443,

446 (Mo.1993) (en banc) (holding that state habeas corpus may be used to challenge a final judgment after an individual's failure to pursue postconviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results).

3. Because we conclude below that Anderson has not established that he was incompetent, we do not consider the state's argument that a petitioner's alleged incompetence is not an "objective factor external to the defense." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). *Cf. Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir.1992) (petitioner's below-average intelligence and pro se status are not objective factors external to the defense).

ing the trial judge's directions regarding a Rule 24.035 motion. A showing that Anderson suffers from a mental disorder, "without more, is wholly insufficient to meet the legal standard that the Supreme Court has laid down" for determining a defendant's competence to pursue post-conviction relief. *Smith v. Armontrout,* 865 F.2d 1502, 1506 (8th Cir.1988) (en banc).

We note that soon after the time for filing a Rule 24.035 motion had expired, Anderson was competent enough to file a motion to file out of time a post-conviction relief motion. Moreover, he did not allege in that motion that his mental condition had prevented him from filing a timely motion, alleging instead that the inadequacy of the prison library was the cause. Accordingly, we conclude that Anderson's unsupported allegation that he was incompetent during the time period for seeking post-conviction relief does not establish cause for his procedural default. *See Williams v. Groose,* 979 F.2d 1335, 1338 (8th Cir.1992) (per curiam) (finding no cause where petitioner merely alleged but did not show that his mental problems had prevented him from presenting his claims in earlier habeas petitions); *Stanley v. Lockhart,* 941 F.2d 707, 709–10 (8th Cir.1991) (finding no cause for petitioner's procedural default when record did not establish that petitioner was incompetent). As Anderson has failed to establish cause for his procedural default, we need not consider the issue of prejudice.

A narrow exception to the cause and prejudice standard exists where the petitioner demonstrates that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750–51, 111 S.Ct. at 2565. Anderson, however, has made no such showing. He is therefore barred from seeking federal habeas relief.

The district court's order denying Anderson's petition for a writ of habeas corpus is affirmed.