# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2341/3095

_____

Thomas Holt,

        Appellant,

v.

Michael Bowersox,

        Appellee.

\*
\*
\*
\*
\*   Appeals from the United States
\*   District Court for the
\*   Eastern District of Missouri
\*
\*
\*

_____

Submitted:  April 19, 1999

Filed:  September 21, 1999

_____

Before McMILLIAN, LOKEN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Thomas Holt appeals from a final judgment entered in United States District Court for the Eastern District of Missouri denying his 28 U.S.C. § 2254 petition for habeas corpus relief.  See Holt v. Bowersox, No. 4: 97CV00938 LOD (Order I) (E.D. Mo. Feb. 18, 1998) (Memorandum and Order).  For reversal, petitioner contends that the district court erred in denying his petition because there was insufficient evidence in the record to support its conclusions.  For the reasons discussed below, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

Jurisdiction was proper in the district court based upon 28 U.S.C. § 2254. Jurisdiction is proper in the court of appeals based upon 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## BACKGROUND

The following discussion of the factual background of this case is based largely on the parties' briefs on appeal, medical records submitted by petitioner to the district court, and the district court orders entered below, because no portion of the state record was submitted to the district court or to this court.

In 1987 petitioner pled guilty to murdering his step-father and was sentenced to life imprisonment without possibility of parole. According to medical records petitioner submitted to the district court with his petition, petitioner began showing signs of mental illness as soon as he arrived in prison. The first psychiatric report in the record on appeal, dated August 6, 1987, diagnosed petitioner with schizoaffective disorder. See Appellant's Addendum at 11 (App. Add.). It reported that, upon arriving at the prison, petitioner requested to be placed in protective custody because he believed he was being threatened, although he could not name who was threatening him. See id. The report stated that petitioner believed he was James Bond, on loan to the United States from the United Kingdom, living in Washington, D.C., and receiving direct aid from the President, and that he believed his nurse was Nancy Reagan. See id. at 12. The report also noted that petitioner believed his mother had moved to St. Louis from London and that her husband had been killed "in the war." Id. at 11. In addition, it noted that petitioner believed the year was 1986 and that he "was not oriented to time, place, or date." Id. at 12. The report also noted that petitioner had been sexually and physically abused by his step-father and that petitioner had trouble with his family because he was the result of a rape of his mother. See id. at 11. Finally, the report

-2-

states that petitioner's "present medication, namely Haldol," should be gradually increased to control petitioner's "psychotic thought process." Id. at 12.

The next psychiatric report in the record, dated December 1990, shows a diagnosis of chronic undifferentiated schizophrenia and dysthymie disorder. See id. at 13. It also indicates that, in the fall of 1990, petitioner was placed on lithium in addition to Mellaril, which he had already been taking. See id. In late 1990, petitioner was also prescribed Artane to ease side effects of the other medications. See id. Two reports in 1992 and 1993 describe petitioner as generally responding well to medication and working as a tutor in the prison school. See id. at 14-15. However, in 1994 and 1995 petitioner's medications were changed due to cardiotoxic problems. He was removed from lithium and placed on Depakene, Klonopin, Ativan, and a reduced dosage of Mellaril in addition to Tagamet and Mylanta for GI distress. See id. at 16-22. Beginning in 1994, petitioner's diagnosis again is characterized as schizoaffective disorder. See id. Five reports from 1995 document a deterioration of petitioner's mental health, including anxiety attacks, delusions, auditory and visual hallucinations, and some bizarre behavior and thinking. See id. at 17-22. The record on appeal contains no reports after December 1995, but in his brief, petitioner alleges that he continues to be mentally ill.

The parties agree that petitioner did not seek post-conviction relief within the time provided by the Missouri rules for seeking post-conviction relief. The district court found petitioner was required to file a motion for post-conviction relief by July 1988.[1] See Holt v. Bowersox, No. 4:97CV00938 LOD, slip op. at 2 n.1 (Order II)

---

[1]The district court found that at the time of petitioner's conviction there was no time-limit for pursuing post-conviction relief under Mo. S. Ct. Rule 27.26, but that on January 1, 1988, that rule was replaced by Mo. S. Ct. Rule 29.035, which fixed July 1, 1988, as the deadline for filing for post-conviction relief from convictions entered before the rule's effective date. See Order II at 2 n.1.

(July 14, 1998). However, in 1996, petitioner apparently filed a state habeas petition which was denied. Petitioner initiated this federal habeas corpus action *pro se* on April 2, 1997, in the District Court for the Western District of Missouri, but the case was transferred to the Eastern District of Missouri. To his *pro se* petition, petitioner attached the psychiatric reports summarized above. In its answer, the State alleged that the petition should be denied because petitioner had procedurally defaulted his claims when he failed to pursue post-conviction relief in state court within the required time period. The State provided no portion of the state court record nor any information about the location or contents of the state court record with its answer.

The district court denied the petition. Based on petitioner's concession that he had not filed a timely post-conviction relief motion, the district court found that petitioner had procedurally defaulted his claims. See Order I at 2. Furthermore, the district court found that petitioner did not prove cause and prejudice. The district court rejected petitioner's two proffered grounds for finding cause: mental incapacity and ineffective assistance of counsel. It rejected the ineffectiveness of counsel because petitioner had never had post-conviction counsel and because there is no right to post-conviction counsel. See id. at 3. It found that mental illness could not constitute cause for default because, since petitioner's medical records indicated that he had undergone psychiatric evaluation prior to trial, he "[could] not argue that the factual or legal basis for his claim was not reasonably available to demonstrate cause to excuse his default." Id. at 3. Furthermore, the district court rejected petitioner's assertion that mental illness caused his default because it held petitioner had failed to make a conclusive showing that mental illness prevented him from complying with the state post-conviction relief procedures. See id. at 2-3. In addition, the district court rejected petitioner's claim that he was actually innocent because his guilty plea was not knowing, intelligent, and voluntary due to mental incapacity. The district court also based this conclusion on the statement in petitioner's August 1987 medical report that petitioner had been evaluated

-4-

prior to trial, showed no psychosis and was held responsible for his crime.[2]  See id. at 3-4.

Subsequently, petitioner filed a *pro se* motion to vacate or in the alternative for permission to appeal *in forma pauperis*.  See Order II.  Petitioner brought the motion under Fed. R. Civ. P. 60(b)(3) alleging that the State committed fraud or misrepresentation by claiming in its answer to his petition that, in Missouri, habeas corpus relief is unavailable to attack a guilty plea if the defendant fails to pursue post-conviction relief.  See id. at 2.  The district court denied petitioner's motion, holding that the State's argument was not fraudulent because failure to pursue post-conviction relief bars Missouri habeas corpus relief, except in rare and exceptional cases where fundamental fairness requires otherwise.  See id. at 4 (quoting State ex rel. Simmons v. White, 866 S.W.2d 443 (Mo. banc 1993) (quoting State v. Tolliver, 839 S.W.2d 296 (Mo. banc 1992))).  The district court determined that petitioner's case did not fall within this exception, thus rejecting his claim that mental illness rendered him incompetent to enter a guilty plea.  See id. at 4-5.  In doing so, the district court again relied on the August 1987 medical report, finding that since it showed petitioner had been evaluated prior to trial, his competency was not the kind of new evidence for which the Missouri courts make exceptions to the general rule against hearing procedurally barred claims.  See id. at 5.  The district court also denied petitioner's motion to proceed on appeal *in forma pauperis*.  See id.

The district court denied petitioner's application for a certificate of appealability (COA), and petitioner timely appealed.  This court granted petitioner a COA on the issue of whether he had procedurally defaulted his claims, and appointed counsel to

---

[2]The psychiatric report does not state the source of this information.  It does not discuss the nature of the evaluation or why the evaluation was performed, i.e., competency vs. sanity at time of the crime.  Nor does it list what findings, if any, it prompted the state trial court to make.

represent petitioner on appeal.  For the reasons discussed below, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

## DISCUSSION

"We review the district court's legal conclusions *de novo* and its factual findings for clear error."  Wilkins v. Bowersox, 145 F.3d 1006, 1011 (8th Cir. 1998) (citing Miller v. Lock, 108 F.3d 868, 870) (8th Cir. 1997)).  We defer to a state court's findings of fact to the extent they are fairly supported by the record.  See id. (citing Pryor v. Norris, 103 F.3d 710, 712-13 (8th Cir. 1997)).

Petitioner argues that the district court erred in denying his petition for habeas corpus relief because its conclusions were not supported by the record.  Specifically, petitioner argues that the district court erred in: (a) finding that his mental illness did not constitute cause and actual prejudice excusing his procedural default, (b) rejecting his actual innocence argument that his procedural default should be excused because his guilty plea was not knowing, intelligent, and voluntary due to mental incapacity, and (c) finding that he had pursued the wrong remedy in state court.  In addition, petitioner argues that the record before the district court was insufficient due to the State's failure to comply with Rule 5 of the Rules Governing § 2254 Proceedings because respondent did not address all his arguments in its answer, nor did it provide the district court with any portion of the state court record or inform the court of the availability or location of those documents.

## PROCEDURAL DEFAULT

As a general rule, federal courts are precluded from reviewing in §2254 cases those claims which a petitioner has not yet presented to the state tribunals in the state of conviction.  See 28 U.S.C. § 2254(b).  However, procedural default may be excused

and the petition reviewed if a petitioner can prove cause and prejudice for the default or that a constitutional error led to his or her conviction despite his or her actual innocence.  See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (citing Murray v. Carrier, 477 U.S. 478 (1986)).  In light of our discussion of petitioner's cause and prejudice arguments below, we do not reach his actual innocence claim.

A.

Our cases establish that, in order for mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief.  See Garrett v. Groose, 99 F.3d 283, 285 (8th Cir. 1996); Nachtigall v. Class, 48 F.3d 1076, 1080-81 (8th Cir. 1995); Stanley v. Lockhart, 941 F.2d at 708-10.  Mental illness prejudices a petitioner if it interferes with or impedes his or her ability to comply with state procedural requirements, such as pursuing post-conviction relief within a specific time period.  See Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir.), cert. denied, 119 S. Ct. 384 (1998).  Furthermore, we have held that a defendant is not competent to waive post-conviction remedies if he or she is "suffering from a mental disease, disorder, or defect that may substantially affect his [or her] capacity to appreciate his [or her] position and make a rational choice with respect to continuing or abandoning further litigation."  Anderson v. White, 32 F.3d 320, 321 (8th Cir. 1994).

Applying these standards, we hold that the district court erred in rejecting petitioner's claim that mental illness constituted cause and prejudice for his procedural default.  First, the district court erred in assuming that petitioner's knowledge of the legal and factual issues regarding mental competency before trial could alone operate to bar him from claiming mental illness as cause for his procedural default.  The standard noted above limits the inquiry into petitioner's mental competency to the time period during which he should have pursued post-conviction relief.  In this case, as the

district court found, the relevant time frame was January 1987 to July 1, 1988. See n.1, *supra*. Petitioner's competency[3] or familiarity with the legal and factual issues of mental competency before trial are not dispositive.

Second, the only evidence before the district court concerning petitioner's mental state during the relevant time period showed that petitioner lacked the capacity to appreciate his situation and make rational decisions. Petitioner's psychiatric reports demonstrate that in August, 1987, if not earlier,[4] he suffered from mental illness which prevented him from making rational decisions or appreciating his situation. See App. Add. at 11-12. The August 1987 psychiatric report indicates that petitioner was diagnosed with schizoaffective disorder, that petitioner was suffering delusions, and states that "[h]e [believed] that the year was 1986 and he was not oriented to time, place, or date." Id. However, while we believe that this is the kind of evidence which would satisfy the standard,[5] we cannot say that it is conclusive proof of cause or

---

[3]We note that a state court "finding of competence, once made, continues to be presumptively correct until some good reason to doubt it is presented." Garrett v. Groose, 99 F.3d 283, 285 (8th Cir. 1996).

[4]The August 1987 report states that petitioner's "***present*** medication, namely Haldol, be gradually and [illegible] increased to a level where the patient's psychotic thought process" could be controlled. App. Add. at 12 (emphasis added). The fact that petitioner was already taking prescription drugs to control his mental illness, coupled with the reports that he exhibited strange behavior when he arrived in prison, strongly suggests that he suffered from mental illness well before August 1987.

[5]For example, the fact that petitioner was not aware of what year it was, where he was, or even his own identity, is a major impediment which could have prevented him, proceeding pro se, from being able to appreciate and comply with the formalities, such as deadlines and formulating legal arguments, which the State procedures require; his symptoms also could have prevented him from making rational decisions.

prejudice at this time because the record contains no information about petitioner's condition during the remainder of the post-conviction relief period.[6]

Accordingly, we remand this matter to the district court to determine whether petitioner's mental illness prevented him from appreciating his position and from making rational decisions during the remainder of the period of post-conviction relief-- August 1987 to July 1, 1988--and whether his mental illness interfered with or impeded his ability to comply with the procedural requirements for pursuing post-conviction relief during that time.

B.

It is well-established that a state court may cure a procedural default if it reaches the merits of a petitioner's claim, even if the claim is not raised according to normal post-conviction procedures. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("State procedural bars are not immortal . . . ; they may expire because of later actions by state courts."). The parties both admit that petitioner filed some kind of habeas petition in state court in 1996, but since the decision in that case is not part of the record on appeal, we cannot tell what claims petitioner raised nor the state court's scope of review. If the state court analyzed the merits of petitioner's claims about the

_____

[6]We note that the next report in the record after the August 1987 report is dated December 18, 1990 and details petitioner's treatment from May or June 1990. See App. Add. at 13. This report is consistent with the earlier finding of mental incompetence, as it reports that petitioner's mental illness continues. The December 1990 report contains a new diagnosis of chronic undifferentiated schizophrenia and dysthymie disorder and states that petitioner started taking lithium in 1990. See id.

While the December 1990 report suggests that it may be the next report after the August 1987 report, since it states that petitioner was previously seen on August 6, 1987, there may be interim reports or other sources of information that would show the status of petitioner's mental illness between August 1987 and July 1, 1988.

effect of his mental illness on the constitutional validity of his guilty plea, then the procedural default for not pursuing post-conviction relief is cured. See id. ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.") (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).

As a possible alternative to cause and prejudice analysis on remand, the district court could consider whether the state court reached the merits of petitioner's 1996 state habeas petition.[7]

## CONCLUSION

For the reasons discussed above, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion. In addition, the district court should consider whether to appoint petitioner's counsel on appeal to represent him in the district court proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[7]We direct the district court's attention to Rule 5 of the Rules Governing § 2254 Proceedings, which may assist the district court in its inquiry.