**Michael W. RYAN, Petitioner,**

v.

**Michael KENNEY, Respondent.**

**No. 4:99CV3318.**

United States District Court,
D. Nebraska.

Dec. 29, 2000.

Michael A. Nelsen, Hillman, Forman Law Firm, Omaha, NE, Steven E. Achelpohl, Omaha, NE, for petitioner.

J. Kirk Brown, Attorney General's Office, Lincoln, NE, for respondent.

### MEMORANDUM AND ORDER

KOPF, District Judge.

Before the court is Petitioner's appeal (filing 54) from Magistrate Judge Piester's Memorandum and Order entered on August 22, 2000 (filing 49), which, among other things:

1) found that Claims VII, VIII, IX, XIV, XV, and XVI are barred from consideration in this habeas action because of unexcused procedural default;

2) denied Petitioner's request for an evidentiary hearing on Claim XVII;

3) denied Petitioner's motion for discovery concerning Claim XVII (filing 22); and

4) denied Petitioner's sealed motion (filing 21).

I construe Petitioner's filing as a statement of appeal filed as allowed by 28 U.S.C. § 636(b)(1)(A) and NELR 72.3, and, pursuant thereto, I have conducted a review[1] of the portions of the order to

---

1. To the extent the appropriate standard of review is de novo, I have conducted a de novo review.

which objections have been made. I will sustain Petitioner's objection to the Magistrate Judge's finding that Claims VII, VIII, and IX are barred by the procedural default doctrine, and will direct Magistrate Judge Piester to prepare a report and recommendation regarding his finding that these claims are without merit. In all other respects Petitioner's objections will be denied, inasmuch as the Magistrate Judge's findings of fact and conclusions of law are not clearly erroneous or contrary to law.

In Claim VII, Petitioner alleges that he was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments because his trial counsel failed to request either an evidentiary hearing or a judicial determination concerning Petitioner's competence to stand trial. In Claim VIII, Petitioner alleges that the trial court was required to conduct a competency hearing *sua sponte*, and that the court's failure to do so violated Petitioner's rights to due process and a fair trial under the Sixth and Fourteenth Amendments. In Claim IX, Petitioner alleges that he was denied his Sixth and Fourteenth Amendment rights by being required to stand trial at a time when he was mentally incompetent. Claims VII and VIII are procedural competency claims, while Claim IX is a substantive competency claim. *See Vogt v. United States*, 88 F.3d 587, 590 (8th Cir.1996).

Petitioner argues that these competency claims are not subject to procedural default. He bases his argument upon the Supreme Court's statement in *Pate v. Robinson*, 383 U.S. 375, 384, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), that "it is contradictory to argue that a defendant may be in-

competent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *See also Medina v. California*, 505 U.S. 437, 450, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) ("The rule announced in *Pate* was driven by our concern that it is impossible to say whether a defendant whose competence is in doubt has made a knowing and intelligent waiver of his right to a competency hearing."); *Cooper v. Oklahoma*, 517 U.S. 348, 354 n. 4, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) ("[T]he right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request for a competency hearing.").

The Supreme Court's language in *Pate* was, in fact, relied upon by the Eighth Circuit in *Vogt* to hold that "the procedural default rule ... does not operate to preclude a defendant who failed to request a competency hearing at trial or pursue a claim of incompetency on direct appeal from contesting his [or her] competency to stand trial and be sentenced through post-conviction proceedings." *Id.*, at 590 (quoting *Adams v. Wainwright*, 764 F.2d 1356, 1359 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986)). In a subsequent decision, however, the Eighth Circuit disregarded its holding in *Vogt* when it examined the issue of whether a habeas petitioner's mental illness constituted cause and prejudice which would excuse his procedural default. *See Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999).[2]

*Holt* should not be read as overruling *Vogt* by implication. By the same token, though, *Vogt* should not be read as impli-

---

**2.** The petitioner in *Holt* had pled guilty to murder, and, although the precise nature of his claims is not specified in the Eighth Circuit's opinion, it was argued on appeal that the petitioner's procedural default should be excused because his guilty plea was not knowing, intelligent, and voluntary due to mental incapacity. The Eighth Circuit did not address this argument, which it labeled as an "actual innocence" claim. *See id.*, at 974. Instead, the Court remanded the case to the

district court to determine whether the petitioner's mental illness during the applicable period for seeking post-conviction relief excused his procedural default. *See id.*, at 975. As a possible alternative to conducting a cause and prejudice analysis on remand, the Court indicated that state court records might be ordered filed to determine whether the petitioner's claims had been considered on the merits by the state court, thereby curing any default. *See id.*, at 975–76.

edly overruling other Eighth Circuit precedent, most notably, *Weekley v. Jones,* 76 F.3d 1459 (8th Cir.) (en banc), *cert. denied,* 519 U.S. 908, 117 S.Ct. 269, 136 L.Ed.2d 193 (1996), which was decided only a few months before *Vogt.* In *Weekley,* the Court, upon rehearing en banc, adopting a portion of the original panel decision in *Weekley v. Jones,* 56 F.3d 889, 894–95 (8th Cir.), *vacated by* 73 F.3d 763 (8th Cir. 1995), which expressly held that "issues regarding competency to stand trial are subject to a procedural bar and other affirmative defenses." *See* 76 F.3d at 1461. This holding is in accord with earlier Eighth Circuit decisions. *See, e.g., Anderson v. White,* 32 F.3d 320, 321–22 (petitioner failed to establish cause for procedural default of his incompetency claims) (8th Cir.1994); *Bainter v. Trickey,* 932 F.2d 713, 716 (8th Cir.1991) (petitioner's competency claim under *Pate* procedurally barred absent showing of cause and prejudice).

The procedurally-barred claims that the petitioner in *Weekley* was attempting to raise included both a substantive due process claim, that he was incompetent to stand trial, and a procedural due process claim, that his counsel was ineffective in failing to raise the competency issue. Thus, it is not possible to distinguish *Vogt* even by limiting its scope to substantive competency claims.[3] *Cf. Rogers v. Gibson,* 173 F.3d 1278, 1289 (10th Cir.1999) ("A procedural competency claim may be procedurally barred, but a substantive mental competency claim may not."), *cert. denied,* 528 U.S. 1120, 120 S.Ct. 944, 145 L.Ed.2d 820 (2000); *Johnston v. Singletary,* 162 F.3d 630, 637 (11th Cir.1998) (holding that procedural default rule does not apply to bar substantive competency claim), *cert.*

*denied,* 528 U.S. 883, 120 S.Ct. 198, 145 L.Ed.2d 167 (1999).

■ In summary, *Vogt* must be viewed as an aberration rather than as established precedent in this Circuit. *See Gipson v. KAS Snacktime Co.,* 171 F.3d 574, 576 n. 3 (1999) ("Eighth Circuit panels do not 'overrule' one another and certainly do not act in conflict with prior decisions of the court en banc."). I therefore agree with Magistrate Judge Piester's determination that Claims VII, VIII, and IX are procedurally barred unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Magistrate Judge Piester resolved the issue of whether the procedural default should be excused in this case by finding that Petitioner's competency claims are without merit. To facilitate my review of this finding, and to develop the record more fully for purposes of any subsequent appeal,[4] it is appropriate that the issue be referred to Magistrate Judge Piester for clarification of, and elaboration upon, his ultimate finding that he "would agree with Judge Moran's conclusion that the petitioner was competent to stand trial." Petitioner's attorneys have done an excellent job in briefing this issue, and, inasmuch as Respondent's brief avoids any discussion of the merits of Petitioner's claims, it is incumbent upon the court to address in some detail the factual and legal basis for concluding that Petitioner's procedural default on his competency claims either is or is not excused.

---

**3.** One court has suggested that the Court's language in *Vogt* "appears to mean that the bar does not apply to substantive competency claims (though the holding is not so limited in *Vogt*)." *Banks v. Horn,* 49 F.Supp.2d 400, 410 (M.D.Pa.1999). It should be noted, however, that the Eighth Circuit in *Vogt* also considered the merits of the petitioner's procedural claim that his trial attorneys should

have requested a competency hearing. *See* 88 F.3d at 591–92.

**4.** In this regard, the Court of Appeals has indicated, in capital cases especially, that it prefers district courts to address and resolve all issues in order to avoid time-consuming remands. *See Reeves v. Hopkins,* 76 F.3d 1424, 1431 & n. 9 (8th Cir.1996).

Consequently, I will sustain Petitioner's objections to the finding that Claims VII, VIII, and IX are barred by the procedural default doctrine, and will direct the Magistrate Judge to prepare a detailed report and recommendation on the issue of whether Petitioner's procedural default on each of these claims should be excused. Whether an evidentiary hearing is required, and the appropriate level of deference, if any, to be given to Judge Moran's factual findings and legal conclusions, I leave to Magistrate Judge Piester's good judgment. I do request, however, that he give priority to this matter, and, unless absolutely necessary, that he not extend the progression schedule any further.

In his Memorandum and Order, the Magistrate Judge also found Claims XIV, XV, and XVI to be procedurally barred, and he denied Petitioner's request to permit discovery and an evidentiary hearing on Claim XVII.[5] The reasons given for these rulings are sound, and are not seriously disputed by Petitioner. Finally, Magistrate Judge Piester denied Petitioner's sealed motion (filing 21). Because Petitioner has not briefed this issue, he is deemed to have abandoned his appeal from this particular ruling. *See* NELR 72.3(b).

Accordingly,

IT IS ORDERED that:

1) Petitioner's statement of appeal (filing 54) is granted in part, and denied in part, as follows:
   a) Petitioner's objection to the Magistrate Judge's finding that Claims VII, VIII, and IX are procedurally barred is sustained;
   b) Magistrate Judge Piester is directed to prepare a report and recommendation, as provided herein, on the issue of whether Petitioner's procedural default in state court on

Claims VII, VIII, and IX is a bar to this court's consideration of each of these claims; and
   c) in all other respects, Petitioner's objections to the Magistrate Judge's findings are denied.
2) Except to the limited extent as outlined above, the Magistrate Judge's Memorandum and Order (filing 49) shall not be disturbed and is hereby sustained.

---

5. In Claim XIV, Petitioner alleges that his Eighth and Fourteenth Amendment rights were violated when the sentencing judge failed to find the existence of a statutory mitigating circumstance (mental illness). In Claim XV, Petitioner alleges that he "was deprived of his right to a statutorily mandated proportionality review of sentences imposed

in homicide cases," in violation of the Eighth and Fourteenth Amendments. In Claim XVI, Petitioner alleges that his Eighth Amendment rights have been violated by being under a death sentence since 1986. In Claim XVII, Petitioner alleges that death by electrocution is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.