# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 04-4117

—————————

Henry L. Whitfield,                              *
                                                 *
        Petitioner-Appellant,           *
                                                 *    Appeal from the United States
        v.                              *    District Court for the
                                                 *    Southern District of Iowa.
State of Iowa,                                   *
                                                 *        [UNPUBLISHED]
        Respondent-Appellee.            *

—————————

Submitted:  September 13, 2005
Filed:  September 19, 2005

—————————

Before MELLOY, LAY, and BENTON, Circuit Judges.

—————————

PER CURIAM.

      Henry L. Whitfield, who was convicted of first-degree kidnaping, appeals the district court's[1] denial of his 28 U.S.C. § 2254 habeas petition. Whitfield contends that the district court erred in concluding that he has failed to exhaust his state court remedies. Whitfield acknowledges his claim is procedurally barred in state court because he did not bring it within the three-year statute of limitations under Iowa's postconviction relief statute. *See* Iowa Code § 822.3. He also concedes that his failure to timely bring his postconviction action in state court bars habeas review

—————————

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

unless he can "prove cause and prejudice for the default." *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999). He argues that his mental illness excuses the default and that he is therefore entitled to have his petition reviewed on the merits by the federal courts. The district court dismissed Whitfield's petition without prejudice on the grounds that he had not obtained a state court ruling regarding whether his mental status excused the procedural default of his claim under Iowa's postconviction statute. Because Whitfield "may still have an avenue of relief left in state court," the district court concluded he had not exhausted the remedies available in state court. We affirm.

When considering an appeal of a district court's habeas ruling, we review the district court's findings of fact for clear error and its conclusions of law de novo. *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002). In order to obtain federal habeas corpus review a petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Iowa Code § 822.3 provides that applications for postconviction relief "must be filed within three years from the date the [petitioner's] conviction . . . is final." Resolution of the appeal at hand rests on whether Iowa's three-year limitation is absolute or whether it may be equitably tolled by a showing that the petitioner failed to bring a timely postconviction claim due to mental illness. Whitfield argues that the time-bar in the Iowa statute may not be equitably tolled, and that he has therefore exhausted his state court remedies. He asserts, however, that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) allows for equitable tolling. *See Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). Accordingly, he argues that his delay in bringing his postconviction petition should be excused and that his habeas petition should be reviewed on the merits.

The Government replies that "no Iowa case has held that a mental deficiency is not the sort of 'fact' that, if shown, would be insufficient to avoid or equitably toll Iowa's postconviction statute of limitations." Upon reviewing the relevant case law cited by both parties, we are unwilling to make the decisive determination that the Iowa postconviction statute of limitations may not be equitably tolled upon a showing that the petitioner's failure to bring a petition was excused by mental illness. Accordingly, we affirm the district court's denial of Whitfield's petition for habeas relief on the grounds that Whitfield has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

_____